Henry G. Smith, J.,
delivered the opinion of the Court.
The action here is assumpsit, against McKinney & French, for cotton sold and delivered; verdict and judgment for the defendants, and appeal in error to this Court.
The facts useful to the understanding of this opinion, are substantially these:
Weakley was employed by McKinney, to buy cotton in the country, and bought the cotton in controversy here, from Davis. Davis produced evidence tending to show that French was the secret partner of McKinney, in the business of buying and selling cotton; and French produced testimony, tending to show, that he was not the partner of McKinney in respect of this cotton, and that Davis did not sell the cotton to Weakley, as agent, but sold it to him as principal, upon his own credit solely and exclusively. Neither Davis, nor Weakley, appear to have known, at the time, of the sale of the cotton, that French was the partner of McKinney, or had any concern in the transaction. The cotton was burned by incendiaries, and never reached the hands of French.
On the one hand, Davis strove to show that French was the secret partner of McKinney in regard to the cotton, and that the sale was to McKinney, for the benefit of himself and French, and so made French and McKinney liable for the price. On the other hand, the effort of *17 French was, to prove that he was not the partner of McKinney, and that the sale of the cotton was not to McKinney, but was expressly to Weakley — not as agent, but as principal, and on his sole and exclusive credit and liability; and so, that neither McKinney nor French were liable for the price.
The record discloses evidence in both aspects, enough to sustain against reversal here, the finding of the juiy, on which side soever it had been; and so the verdict must stand, unless the jury were misled by the instructions of the Circuit Judge.
The error assigned is, in the direction to the jury, substantially, this: If Davis knew that Weakley was the agent of McKinney, and did not know that French was the dormant partner of McKinney, even if he were so, and positively refused to sell to Weakley, as agent, and refused to recognize any principal, and sold directly to Weakley, and gave the credit to him directly, then McKinney and French are neither liable, and recovery cannot be had against either.
The doctrine governing this case is familiar, and not uncertain. When a purchase is made by an agent, in the name, and on the credit of the agent, for a principal not disclosed to the seller, the latter may, upon discovering the principal, treat the sale as a contract with the principal, and hold him responsible for the price. The seller may have his action for the price, at his election, against %e agent, or the principal. And this, though the seller at the time, supposed the agent to make the purchase for himself, as principal. In such case, the contract, though apparently, and in form, with the agent as principal, is, *18 in fact, for tbe benefit of tbe principal, and in tbe performance of tbe agency, and is tbe contract of tbe principal. Tbe law regards tbe reality ratber than tbe form.
Parties, however, may give sucb limits to their .contract as they may think fit. They may, if they so choose, so declare and shape their contract as to create rights and liabilities between themselves only, and exclusive of third persons. No rule prohibits an agent from buying goods for his principal, upon his own exclusive credit and liability, and without incurring liability against the principal for the price. So, too, no rule exists, which prohibits a party from making sale to an agent as principal, and, upon the exclusive credit and liability of the agent as principal, and without creating, or acquiring any liability, upon the contract, and for the price against the principal for whose benefit the sale was made. Such contract may be made, and so limited, whether the party for whose benefit the purchase was made were known or not known to the seller at the time. To hold otherwise, denies to parties the power to make such contract as they may think fit. When contracts of the kind referred to, are made, the party making the purchase for the benefit of another, becomes himself the principal in the contract, and is not agent, as between him and the party with whom he deals.
No rule of law stands in the way of an agent who buys for his principal, so making the contract as to incur and confine to himself the exclusive liability upon the contract. The fact that the purchase was for the principal, and that the principal was, at the time, unknown to the seller, may become of much significance irpon a con *19 troversy between the seller and the alleged principal, whether the contract was upon the sole and exclusive credit and liability of the agent, or upon his apparent and primary credit and liability only. In such controversy, if the sale and purchase be in the name, and upon the credit of the agent asd principal, and the real principal be known at the- time to the seller, the contract will be deemed to be with the agent as principal, and uppn his sole liability, exclusive of liability on the part of the actual principal. On the other hand, if the sale be in the name and upon the credit and liability of the agent, and the principal be not, at the time, known to the seller, the latter may, upon discovering the principal, and showing that the purchase was, in fact, for the principal, and in the performance of the agency, treat the contract as the contract of the principal, and enforce liability thereon against him, unless it be shown that the sale was upon the sole and exclusive credit and liability of the agent. The seller, it is said, may, upon discovering the principal, unknown at the time of the sale, have an election to enforce the contract against the agent or the principal, and under circumstances, against both: Sto. Agency, ss. 160, 162, 292, 423, 446, 448; 2 Esp. R., 568; cited Sto. Ag., s. 288, n. 1.
The ruling in the case of Thompson vs. Davenport, 9 Barn. & Cress, 78, is not out of harmony with the principles herein stated. That case was: McKune was a General Agent in Liverpool, to buy goods and fill orders for merchants in the country. Thompson was a merchant in Scotland, and sent an order to McKune, to buy for him a lot of queensware, and forward the same to *20 him. McKune made the purchase from Davenport, a dealer in queensware, in Liverpool, informing him at the time, that he was buying for another, but not mentioning who such other was. Davenport filled the order, furnished the queensware, which was sent to Thompson, and rendered the invoice, McKune bought oj Davenport. Mc-Kune, also, in his account with Davenport, entered credit to Davenport, for the price of the goods. Afterwards, and before the bill was paid, McKune became insolvent; therefore, Davenport having ascertained that the purchase was by McKune, for Thompson, brought his action against Thompson, for the price, and was allowed to recover. The objection to the recovery was, that Davenport knew at the time of the sale, that McKune was an agent, buying for another, and, nevertheless, made out the invoice in the name of McKune, as purchaser, and otherwise dealt with him as principal, and thus showed that the sale was to McKune, and upon his credit. The King’s Bench, however, took the distinction that, though Davenport knew McKune was buying for a principal, yet, he did not- know who the principal was, and, therefore, was not to be deemed as having given the sole and exclusive credit to McKune, and was entitled, upon learning who the principal was, to have his election to charge him upon the contract as principal.
At best, the case is of questionable authority. It is said by Mr. Paley, in his treatise on Agency, (cited in Story on Agency, s. 291, n. 4,) that “the decision has not been considered very satisfactory, and is certainly not implicitly acquiesced in See, also, Sto. Ag., s. 289, n. 1.
Applying these rules hereinbefore stated, to the case *21 in Rand: That portion of the charge to the jury to which exception is taken, is, that if they find that French was the dormant partner of McKinney, and this was unknown to Davis, and Davis knew that Weakley was the Agent of McKinney, and refused to sell to Weakley as agent, and refused to recognize any principal, and sold directly to Weakley, and gave credit directly to Weakley, then neither McKinney nor French are liable, and recovery cannot be had against either of them.
The exception is not well taken. The instruction to the jury is in conformity with the principles here-inbefore stated, and was correct.
Affirm the judgment.